## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ARLINE JACKSON,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS JUVENILE JUSTICE** | § | **No.  A-21-CV-01000-RP** |
| **DEPARTMENT, CAROLYN K.** | § | |
| **JOHNSON, DANIEL SIAM, ALAN** | § | |
| **MICHEL,** | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is the motion to dismiss filed by Defendants Texas Juvenile

Justice Department ("TJJD"), Daniel Siam ("Siam"), and Alan Michel ("Michel")

(collectively, "Defendants"), Dkt. 4; and all related briefing. After reviewing these

filings and the relevant case law, the undersigned issues the following report and

recommendation.

## I.      BACKGROUND

Plaintiff Arline Jackson initiated this Title VII lawsuit after being terminated

from her position at the Giddings State School facility—which is operated by the

TJJD. Dkt. 1, at 1-4. Jackson alleges that in April 2020 she "had to administer OC

[pepper] spray" on a youth under her care because he was being disruptive while she

was monitoring another youth on suicide watch. *Id.* at 2. After her use of the OC

1

spray on a youth, Jackson was placed on administrative leave pending an investigation into the incident—which she alleges revealed that "there was no abuse, neglect or exploitation concerning Arline Jackson administering OC spray on the youth." *Id.* Nevertheless, Jackson was terminated from her position at the Giddings State School in May 2020 because she had "violated the employee rules of conduct, by unnecessary use of force by administering OC spray, emotional harm to a youth and presenting a significant and foreseeable risk of physical injury to a youth, and unauthorized use of OC spray." *Id.* at 3.

Jackson claims that she was wrongly terminated from her position at the Giddings State School and seeks her monthly salary from the date of her suspension, reimbursement for money she took out of her 401k after being terminated, and compensation for any loss in merit raises or investment accruals due to her wrongful termination. *Id.* at 4. The EEOC dismissed Jackson's complaint without making any determination as to whether her claims constitute a violation of statute. Dkt. 1-2. Defendants now move to dismiss Jackson's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). *See* Dkt. 4. In her response, Jackson requested, without addressing any of the Defendants' arguments, "that the court deny the defendants motion to dismiss." Dkt. 6, at 1.

## II.   LEGAL STANDARDS

### A.   12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts

are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B.    12(b)(6)**

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when

assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.     DISCUSSION

### A.     Defendants Siam and Michel (the "Individual Defendants")

Defendants argue that Jackson's claims against the Individual Defendants should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction because "Title VII liability extends only to employers and defendants in their official capacities." Dkt. 4, at 3. Although Jackson does not identify in which capacities she brings her claims against the Individual Defendants, they claim that "a claim against them is in either" their individual or official capacities "is improper." *Id.* As previously observed, Jackson did not respond to Defendants' arguments apart from asking the Court to deny their motion to dismiss. Dkt. 6.

First, any claims against the Individual Defendants in their individual capacities should be dismissed because, as noted above, Title VII only applies to employers and defendants in their official capacities—and here, neither of the Individual Defendants served as Jackson's employer in their individual capacities. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("there is no individual liability for employees under Title VII"); *Mullet v. Touro Infirmary*, No. CV 19-11851, 2019 WL 6527895, at *2 (E.D. La. Dec. 4, 2019) ("an employee or supervisor faces [Title VII] liability solely in h[er] official capacity"). The undersigned will thus recommend that the District Court dismiss any individual capacity Title VII claims against the Individual Defendants.

Second, Jackson may not maintain her Title VII claims against the Individual Defendants in their official capacities because a plaintiff may not "maintain an action

against both a corporation and its agent in an official capacity [in a Title VII action] because effectively the corporation could be held liable twice for the same act." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (internal citations omitted); *Smith*, 298 F.3d at 449 ("a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity"). Because Jackson has also brought a Title VII claims against the TJJD, *see* Dkt 1, the undersigned will recommend that the District Court dismiss Jackson's Title VII claims against the Individual Defendants brought in their official capacities. As a result, all of Jackson's claims against the Individual Defendants should be dismissed.

## B.    Defendant TJJD

Defendants next argue Jackson's Title VII claims against the TJJD for discrimination or retaliation should be dismissed because Jackson has not alleged that her termination was the result of her membership in a protected class—as required to state a claim under Title VII. Dkt. 4, at 5. To state a discrimination claim under Title VII, Jackson must allege that she: (1) was a member of a protected group; (2) qualified for the position she held; (3) suffered an adverse employment decision; and (4) was either replaced by someone outside the protected group or treated less favorably than employees not in the protected group. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). To state a claim for retaliation under Title VII, Jackson must allege that she: (1) engaged in an activity protected by Title VII; (2) was subjected to an adverse employment action; and (3) a causal link

exists between the protected activity and the adverse employment action. *See Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

As Defendants point out, while Jackson alleged that she suffered an adverse employment action when she was terminated, she has failed allege any of the other elements necessary to state a claim for discrimination or retaliation under Title VII—even when liberally construing her pro se complaint. *See* Dkt. 1; *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972) (allegations of pro se complaints held "to less stringent standards than formal pleadings drafted by lawyers"). Indeed, Jackson failed to allege that she was qualified for her job, was a member of a protected class or engaged in protected activity, was treated less favorable than those not in her class, or that her termination was the result of her engagement with protected activity. *See* Dkt. 1. Because Jackson has failed to allege the elements necessary to state a claim of discrimination or retaliation under Title VII, Defendants' motion to dismiss her claims against the TJJD should be granted. *See Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244 (5th Cir. 2017) (quotations omitted ("a plaintiff must plead sufficient facts on all of the ultimate elements to make her case plausible.")). *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019) (plaintiff "need not submit evidence to establish the prima facie case for discrimination, [but] she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible"). The undersigned will recommend that the District Court dismiss Jackson's Title VII claims against the TJJD.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants motion to dismiss, Dkt. 4, and **DISMISS WITHOUT PREJUDICE** Jackson's complaint.

The Clerk is directed to remove this case from the undersigned's docket and return it to that of the Honorable Robert Pitman.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The district court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.   *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 16, 2022.

_____

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE